## PRESKY v. DEGNON–McLEAN CONTRACTING CO.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. MUNICIPAL CORPORATIONS—DEFECTS IN STREETS—INJURIES—ACTION AGAINST CONTRACTOR—VARIANCE.

Plaintiff's truck slipped into a hole in the street, and he was injured. A bridge had been constructed in the street by defendant, a subway contractor, and plaintiff alleged that defendant did not construct a safe bridge over the tunnel, that it did not inspect and maintain the bridge and street in a good condition, but for a long period allowed a hole to remain in the street "at the easterly end of the bridge, and where the bridge joined the block pavement in the street." Held, that evidence that the hole was 10 or 12 feet east of the bridge, where it did not appear that defendant had done any work, or had had any occasion to disturb the pavement, and not at the end of the bridge where it joined the pavement, constituted a fatal variance.

2. SAME—RESPONSIBILITY FOR DEFECT.

Where, in an action against a subway contractor for injuries caused by an alleged defect in the street, there was no evidence that such contractor or any of its servants caused the defect, but it appeared that it was located in a part of the street where such contractor had done no work, and had had no occasion to disturb the pavement, such contractor was not liable.

Appeal from Trial Term.

· Action by Francis C. Presky against the Degnon-McLean Contracting Company, impleaded with the city of New York. From a judgment for plaintiff, and from an order denying a motion for a new trial, the contracting company alone appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

James F. Donnelly, for appellant.
Herbert C. Smyth, for respondent.

SCOTT, J.   The defendant Degnon-McLean Contracting Company appeals from a judgment in favor of the plaintiff for personal injuries. The city of New York, a codefendant, is not a party to this appeal.

The appellant was one of the subcontractors for the rapid transit subway, and engaged in constructing that portion of the road which extended up and under Elm street.  At Canal street, a very wide street running at right angles to Elm street, the entire surface of the latter street had been removed, and Canal street was carried across it by a wooden bridge extending the whole width of Elm street and about 20 or 25 feet into Canal street.  There were to be stations at Canal street, and excavations had been made on the north and south sides of that street running back some distance from Elm street.  These excavations were fenced off from the roadway.  In order to construct the bridge over Elm street, the stone pavement in Canal street had been removed so that vehicles could pass from the pavement onto the bridge. No more of the pavement of the roadway was removed for this purpose than one or two courses where the bridge and the pavement met, which had been taken up and relaid.

The plaintiff at the time of the accident was driving a loaded truck westerly through Canal street, and approaching the bridge over Elm street, when one of the wheels of his truck slipped into a hole, said to be four feet long and two feet wide, and about the depth of a paving stone.  Plaintiff was thrown to the ground, and one of the truck wheels passed over him, producing somewhat serious injuries.  The hole into which the wheel ran was evidently caused by the removal of some of the paving stones.  There is no evidence by whom they had been removed; and the only theory upon which the defendant could be held liable is upon the assumption that the holes were caused by appellant in the prosecution of the work of constructing the subway.  It therefore became important to accurately locate the hole, which was attempted to be done both by oral testimony and by photographs.

The negligence charged against appellant by the complaint was:

"That they did not construct a good, safe, and proper bridge over the tunnel; that they did not properly inspect and maintain the bridge and street in a good, safe, and proper condition for the use of pedestrians and vehicles, but, on the contrary, and for a long period of time, allowed a hole or rut several feet long and 10 or 12 inches deep to be and remain in said Canal street at the easterly end of the bridge aforesaid, and where the bridge aforesaid joined the block pavement of said street."

No attempt was made on the trial to show any defect in the bridge or in the manner of its up-keep, and the plaintiff relied solely upon the hole as the cause of his injury.  The location of this hole is stated with particularity in the complaint as being at the easterly end of the bridge, where the bridge joined the block pavement.  If the evidence had shown that it was at the place thus described, there would have been a strong presumption that it had been caused by appellant, who concededly constructed the bridge.  The evidence is very confused, and much testimony appears in the record of which the relevance is not apparent, but the one fact that is made perfectly clear both by the testimony of the plaintiff and other witnesses, and by the photographs, is that the hole into which the wheel of the truck slipped was not at the

easterly end of the bridge where it joined the block pavement, but 10 or 12 feet easterly therefrom in a part of the roadway where it does not appear that appellant had done any work or had had any occasion to disturb the pavement. The evidence, therefore, not only failed to correspond with the pleading, but also failed to attribute to appellant any responsibility for the defect which caused the injury. At the close of plaintiff's case his counsel moved "to amend the complaint to conform to the proof," and under objection and exception his motion was granted. The amendment was not formulated, and it is impossible to say what the complaint alleged, after the amendment, as to the defendant's negligence. The proof was to the effect that the hole was in a part of the roadway not occupied by appellant in its building operations, and 10 or 12 feet from the bridge over Elm street, and there was no proof that the defendant was responsible for the hole. If it was intended to amend the complaint so as to allege this state of facts, it would certainly conform to the proof, but would state no cause of action against this appellant. In any aspect the plaintiff failed to show a state of facts corresponding with the allegations of the original complaint, or any state of facts fastening liability upon the appellant.

The judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.